COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Michael Pullen v. The State of Texas

Appellate case number:    01-12-00968-CR

Trial court case number:  1810704

Trial court:              County Criminal Court at Law No. 8 of Harris County

Appellant, Michael Pullen, was sentenced for the offense of driving while intoxicated on August 24, 2012.  Although Pullen was represented by appointed counsel at trial, he filed a pro se notice of appeal.  The notice of appeal, which was file-stamped in the trial-court clerk's office on October 2, 2012, contains a postmark date of September 28, 2012—four days after the deadline to file his notice of appeal.  *See* TEX. R. APP. P. 4.1(a), 9.2(b), 26.2(a)(1).  Nevertheless, as indicated in our previous order, the record is unclear as to whether the notice of appeal was timely filed pursuant to the "prisoner mailbox rule."[1]  *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).  On July 17, 2013, we directed the trial court to appoint counsel to represent Pullen for purposes of appeal, because Pullen is entitled to the assistance of counsel in responding to this Court's jurisdictional notice.  *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2012).  Pullen is entitled to be represented by counsel on appeal unless he voluntarily and intelligently waives the right to counsel.  *See* TEX. CODE CRIM. PROC. art. 1.051(a), (f) (West Supp. 2012).

On June 24, 2013, Pullen filed a "Request to Withdraw Appeal" in the trial court, stating that he "do[es] not wish to fu[r]ther prosecute this appeal and request[s] that the notice of appeal be withdrawn."[2]  On July 19, 2013, the trial court forwarded Pullen's request to our Court.

Pullen has the right to waive his right to appeal.  *See* TEX. CODE CRIM. PROC. art. 1.14 (West 2005); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009).  Any waiver,

---

[1]     The notice of appeal was mailed from the Harris County Jail and does not contain a certificate of service or any other date.

[2]     The document reflects that the trial court granted Pullen's request to withdraw his appeal and dismissed the appeal.

however, must be made voluntarily, knowingly, and intelligently. *See Broadway*, 301 S.W.3d at 697; *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978).

The record is unclear as to whether Pullen is voluntarily, knowingly, and intelligently waiving his right to appeal. Pullen's pro se request to withdraw his appeal was filed approximately two weeks after the trial court informed him that he had no right to appeal and "denied" his appeal. Pullen has not been afforded the opportunity to seek advice from counsel regarding his appeal, the potential jurisdiction of this court, or the effects of waiving his appeal.

Accordingly, we ORDER the trial court to appoint counsel to represent Pullen on appeal. We further ORDER the trial court to hold a hearing to determine whether Pullen wishes to pursue his appeal, after consultation with his counsel. Pullen shall be represented by counsel at the hearing. The hearing shall take place within 30 days of the date of this order. If Pullen chooses to proceed with the appeal, appellate counsel shall file a response to this Court's jurisdictional notice within 15 days after the completion of the trial court hearing. This appeal remains abated and will be reinstated when the record of the trial court hearing is filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Jane Bland
☑ Acting individually ☐ Acting for the Court

Date: July 31, 2013